**In the Matter of JET EXECUTIVE INTERNATIONAL, Debtor.**

**Bankruptcy No. 82–00056.**

United States Bankruptcy Court, S.D. Florida.

Nov. 10, 1983.

Bennett Bovarnick, Pompano Beach, Fla., for debtor.

James B. McCracken, Trustee.

Raymond B. Ray, Fort Lauderdale, Fla., for trustee.

Chad P. Pugatch, Fort Lauderdale, Fla., for Creditor Loudspeaker Component Corp.

## FINDINGS AND CONCLUSIONS CONCERNING ORDER ALLOWING FEES

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE originally came on for hearing upon the Amended Petition for Compensation for Attorney to Debtor in Possession filed by BENNETT BOVARNICK, ESQ. The Court, on October 3, 1983, entered it's order allowing fees in the amount of $10,000.00, which award was in addition to fees of $5,000.00 previously awarded, making a total sum awarded to the Petitioner for his fee's in connection with services rendered to the Debtor in Possession of $15,000.00. On October 7, 1983, the Petitioner filed a Request for Findings on Order Allowing Fees and these findings and conclusions are rendered in accordance with said request.

The Court has reviewed extensively the Amended Petition for Compensation for Attorney to Debtor in Possession and has as well given consideration to the record in this case and the matters raised at the Hearing on the Amended Petition conducted on September 14, 1983. At the Hearing, the Petitioner stood on his amended petition. The Court received objections from counsel for LOUDSPEAKER COMPONENT CORP., the major creditor of the estate as well as counsel for the Chapter 7 Trustee, JAMES B. McCRACKEN.

It should be noted, at the outset, that the voluntary petition under Chapter 11 was filed in this action on January 13, 1982. The case languished in Chapter 11 for an extended period of time, during which substantial administrative costs and expenses were incurred. Finally, the major creditor of the estate brought on for hearing an application for the appointment of a Trustee, based upon the Debtor's conduct, which application was granted by the Court and ultimately resulted in the conversion of this case to Chapter 7. Despite several attempts, the Debtor in Possession was never able to formulate an effective plan of reorganization to be submitted to the creditors and this case could, by no means, be considered a successful Chapter 11. In fact, it appears at the present time that the bulk of the assets of the Estate will be consumed by the administrative expenses and tax liabilities incurred primarily in the Chapter 11 and there will be little if any distribution for pre-petition creditors as a result thereof.

Petitioner has filed an extensive Amended Petition for Compensation encompassing 306.5 hours of time expended since April 1, 1982, the date of the last fee application. The Court notes that, of this total of 306.5 hours, the amount of time expended directly related to preparation of fee applications is approximately 54 hours. This amount of time is totally unwarranted under the circumstances and, casts a question as to the credibility of the balance of time expended as reflected in the amended petition.

The Court notes that approximately 52 hours of time as reflected on the amended petition relate to the preparation of plans of reorganization and disclosure statements which the Debtor in Possession and it's counsel were never able to present to the Court in acceptable form. Many additional hours were expended, as judged from the amended petition, in pursuit of matters not directly the responsibility of counsel, but engaged in what the Court would consider non-legal functions and routine administration of the Estate. As pointed out at the hearing, and as noted by the Court, there was a substantial amount of time expended by counsel which resulted from his own inadvertance in failing to properly notice hearings and otherwise causing matters to be extended and renoticed before the Court.

As stated in the previous Order allowing fees, the Court, in allowing the foregoing fees, has considered each of the factors that govern the reasonableness of fees set forth in *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir., 1977). That case sets forth quite clearly the various factors recognized by the Courts in this Circuit as being relevant for consideration in an award of fees. Because these standards are so well recognized they will not be set forth verbatim herein. However, in analyzing the time expended by Petitioner in context of these factors the Court finds that the time expended by Petitioner fails to meet these criteria in several important areas.

First of all, as discussed above, the time and labor expended by Petitioner was, in large part, not necessary or required in context of the duties rendered by Petitioner to the Chapter 11 Debtor. The amended petition, and the Court's review of the record in this case, reveal no novel issues or difficult questions of law presented. In analyzing the skill requisite to the performance of the legal services, the Court has noted above several deficiencies in the manner of presentation of matters to the Court. The Petitioner has demonstrated no preclusion of other employment as a result of his time expended in this matter or time limitations imposed by the client or the circumstances. And, most significantly, the results obtained in this case in no way reveal a benefit to the creditors or the estate which would justify a substantial fee. ·

Based upon the foregoing, the Court concludes that the sum of $10,000.00 (in addition to the $5,000.00 previously awarded) is more than adequate compensation for the services reflected on Petitioner's Amended Petition. Applicable law indicates that, in particular where the results obtained are not significant, the fees awarded should be at the low end of the acceptable spectrum. When deducting the hours expended in this case for which the Court does not feel Petitioner is entitled to be compensated the Court finds the fees awarded to be within this standard.