PER CURIAM.
This appeal involves the question of whether the bankruptcy judge and the district judge awarded adequate attorneys’ fees to the debtors’ attorneys. The attorneys (appellants herein) represented the debtors in a successful real estate arrangement under Chapter XII of the Bankruptcy Act of 1898, 11 U.S.C. § 801 et seq. (1976) (repealed 1979). The appellants requested $60,000 in fees but Bankruptcy Judge Stageman awarded only $40,500 ($45/hour for 900 hours). Judge Stageman reduced the fee because he believed that certain services performed by the appellants were nonlegal, others were of low professional quality, and still others consumed too much time. The district court affirmed.
Appellate review of an award of attorney fees is limited. “The allowance of compensation to counsel * * * is always in the sound discretion of the bankruptcy court.” London v. Snyder, 163 F.2d 621, 625 (8th Cir. 1947). “[I]t is the duty of appellate courts to keep allowances * * * within reasonable bounds. * * * They will not, however, ordinarily disturb allowances unless clearly excessive or clearly inadequate.” Silver v. Scullin Steel Co., 98 F.2d 503, 506 (8th Cir. 1938). “[O]n appeal the question is whether the lower court abused its judicial discretion in making the allowances, to the extent that it can be said that it ignored the factors which it should have considered, or reached a result in manifest disregard of right and reason.” Stark v. Woods Bros. Corporation, 109 F.2d 969, 973-974 (8th Cir. 1940). The reason for this limited review is the bankruptcy judge’s familiarity with the efforts and accomplishments of counsel. Id. at 973.
The appellants argue that Judge Stage-man abused his discretion by failing to properly apply the six criteria of Levin v. Barker, 122 F.2d 969 (8th Cir. 1941), cert. denied, 315 U.S. 813, 62 S.Ct. 799, 86 L.Ed. 1212 (1942). Levin states that the following elements should be considered in setting fees: “(1) the time spent; (2) the intricacy of the questions involved; (3) the size of the estate; (4) the opposition encountered; (5) the results obtained; and (6) the economic spirit of the Bankruptcy Act.” Id. at 972.
We have carefully reviewed the appellants’ contention that Judge Stageman abused his discretion by deleting several hundred hours worth of fees from the award in this case. We find no abuse of discretion. The appellants have not met their duty to substantiate the manner in which their time was spent. We have also reviewed the appellants’ arguments concerning the intricacy of the questions involved, the size of the estate and the opposition encountered. We again find no abuse of discretion.
The district court decision upholding the award of attorneys’ fees in the amount of $40,500 is affirmed.