UNITED STATES of America, Appellee,

v.

**PREMISES KNOWN AS 15145 50TH STREET SOUTH, AFTON, MINNESOTA, WASHINGTON COUNTY, with any and all appurtenances thereto and any and all proceeds from its sale or transfer, Defendant.**

**Appeal of Gary Lloyd BRUCE, Appellant.**

No. 93–2047.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1993.

Decided Sept. 27, 1993.

Rehearing Denied Nov. 1, 1993.

Gary Lloyd Bruce pro se.

Patricia R. Cangemi, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Gary Lloyd Bruce appeals from the district court's [1] denial of his motion to reopen a forfeiture action involving property in which he claims an interest. We affirm.

In September 1991 the government commenced a forfeiture action against 15145 50th Street South, alleging that Bruce had purchased the property with proceeds traceable to unlawful exchanges of a controlled substance. The United States Marshal personally served Bruce and complied with all other notice requirements, but Bruce failed to file a claim to the property or an answer. In December 1991 the district court ordered the property forfeited by default to the government.

In November 1992 Bruce filed a Motion to Recover Property from Forfeiture, alleging that his counsel failed to properly challenge the forfeiture proceeding and collaborated with the government by allowing the property to be forfeited without protecting Bruce's rights. Interpreting Bruce's motion as a motion under Federal Rule of Civil Procedure 60(b) to set aside the default judgment, the district court found that Bruce was not deprived of procedural due process, and the court declined to exercise its discretion to grant him relief from the default judgment. The court noted that if Bruce's allegations were true, he had provided an excuse for failing to respond to the forfeiture action, but he had failed to show any basis upon which he could succeed if the court vacated its entry of default judgment and reopened the forfeiture action. As a result, the court denied Bruce's motion.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Saxon v. Blann,* 968 F.2d 676, 680 (8th Cir.1992). In his motion, Bruce alleged only

that his counsel had inadequately represented his interests; he asserted no potential basis for contesting the forfeiture action if it were reopened. Bruce now argues on appeal that he had a meritorious defense because the government failed to allege, and therefore prove upon default, that the property was purchased in its entirety with proceeds from illegal activities. This argument fails for two reasons.

First, Bruce failed to raise this issue below, and thus we will not consider it absent a showing of manifest injustice. *See Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). Second, even assuming we should consider this issue, we note the government alleged, inter alia, that Bruce purchased the property for $112,000 with a down payment in excess of $18,000; Bruce made the down payment using four cashier's checks and four money orders from five different banks; and Bruce extensively remodeled the property by adding four levels, eighteen rooms, four baths, three fireplaces, a jacuzzi, a sauna, a security system, and a two-story heated barn. The government also alleged that Bruce's business, Commercial Wall & Design, was merely a front; that Bruce's tax statements reported incomes for 1989 and 1990 that were woefully inadequate to support Bruce's remodeling activities; and that four to five pounds of marijuana were found on the property. Bruce has not denied these allegations and he has failed to produce any evidence that the money to purchase and improve the property came from legal activities. We conclude, therefore, that Bruce has failed to show he had a meritorious defense. *See United States v. Proceeds of Sale of 3,888 Pounds of Atl. Sea Scallops,* 857 F.2d 46, 48 (1st Cir.1988). Thus, the district court did not abuse its discretion in denying Bruce's Rule 60(b) motion.

Accordingly, we affirm.

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.