**UNITED STATES of America, Appellee,**

v.

**Van Grady MELSON, Appellant.**

**No. 93–1791EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Oct. 15, 1993.

Gordon L. Humphrey of Little Rock, AR, argued, for appellant.

Michael D. Johnson of Little Rock, AR, argued (Richard M. Pence, Jr. and Michael E. Johnson, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This is an appeal of a conviction on 11 counts of aiding and abetting arson, aiding and abetting the manufacture of drugs, and related charges. The defendant, Van Grady Melson, was sentenced to 11 years in prison. He contends that the District Court[1] improperly admitted evidence of the government's attempts to serve a subpoena on him and evidence of his pre-indictment flight. In addition, Melson argues that the trial court wrongly refused to sever the arson-related counts from those pertaining to drugs. We affirm.

I.

While under investigation, but before being indicted, Melson learned that the FBI was seeking him for the purpose of serving a subpoena for certain business records. The defendant, who operated an alterations and dry cleaning business in Little Rock at the time, hid within the city for a short period and then fled to Jackson, Tennessee. He also took other steps, such as procuring a falsified Texas driver's license, which could have aided in his flight. While away, he made a series of contacts with the government, including letters and phone calls, explaining his version of certain events. These communications—intended by Melson to be exculpatory—were offered at trial by the prosecution as evidence of the defendant's guilt.[2]

Melson was arrested in Tennessee after having been indicted on 11 counts, comprising two groups of claims. The first group revolved around a series of fires in Little Rock, involving dry cleaning and alterations establishments, as well as rental property owned by Melson. The second group concerned a plan to manufacture amphetamine. The events alleged in the arson-related portions of the indictment occurred between October, 1986, and July, 1989, while the drug-related events were alleged to have occurred in March and April, 1989. The parties involved in the two sets of transactions were completely different, except for Melson.

Before trial Melson moved for severance of the two sets of charges and separate trials, in accordance with Fed.R.Crim.P. 14. Aside from pointing out the differences in the factual issues and the dangers of unrelated evidence, the defendant argued that while he "had not fully made a determination," he might "choose to testify with respect to the drug manufacturing charges but to assert his right not to testify with respect to the arson charges," as testifying would open the door to evidence of additional, uncharged fires. Defendant's Motion for Separate Trials 3. The Court denied this motion. D.Ct. Order of July 7, 1992.

Also before trial, Melson moved to exclude evidence of the subpoena and of his pre-indictment flight, arguing that such evidence was so prejudicial as to outweigh its probative value. The District Court disagreed, modifying a magistrate judge's order and

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern and Western Districts of Arkansas.

2. Melson sought to explain his contact with persons involved in the drug operation at a time when, the government contends, he could not have known these contacts were under investigation.

admitting the evidence, not based on its value with respect to consciousness of guilt, but rather because it was necessary to provide context for Melson's communications with federal authorities.

## II.

■ With respect to evidence of flight, Melson claims that the trial court erred in finding that the probative value outweighed the danger of prejudice under Fed.R.Evid. 403. Melson points out that he fled long before he was indicted. Moreover, he contends that, even though the evidence was allowed in to provide context, it served to undermine his own credibility in an unfair manner.

■ Courts should be cautious in allowing evidence of flight. See *United States v. Hankins*, 931 F.2d 1256, 1261 (8th Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 243, 116 L.Ed.2d 198 (1991). In this instance, however, the District Court considered the issue carefully before ruling, and it was well within the Court's discretion to admit the subpoena and flight evidence to provide necessary context for Melson's communications, an important aspect of the government's case.

■ Moreover, as we stated in *Hankins*, it is "well established that [evidence of flight or escape] is admissible and has probative value as circumstantial evidence of consciousness of guilt." 931 F.2d at 1261. The proximity in time of Melson's learning of the subpoena to his departure into hiding, coupled with the defendant's own communications with the government, provides sufficient inferential links between flight and guilt to meet the requirements of *United States v. Peltier*, 585 F.2d 314 (8th Cir.1978), *cert. denied*, 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979). Therefore, the flight evidence would have been admissible as evidence of consciousness of guilt, aside from its utility in providing context. This is an additional reason for holding that the District Court committed no error.

## III.

■ The stronger of Melson's claims is his argument that the trial court erred in failing to sever the arson-related counts from the drug-related counts. Under Fed.R.Crim.P. 8(a):

> Two or more offenses may be charged in the same indictment ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

The government argues that joinder was proper, given the overlapping time periods, overlapping evidence of flight and attendant communications, similarity of modus operandi (using an intermediary), and establishment of motive (for example, the government contended that one of the arsons occurred in response to the failure of the drug venture). The argument is a little thin. These were different offenses involving different participants. Compare *United States v. Hoelker*, 765 F.2d 1422, 1425–26 (9th Cir.1985), *cert. denied*, 475 U.S. 1024, 106 S.Ct. 1219, 89 L.Ed.2d 330 (1986) (district court acted within its discretion in denying motion to sever narcotics counts from extortion counts, where the two were logically related by motive and involved the same brief time span, many of the same participants, and large areas of overlapping proof).

■ However, defendant does not argue that there was a misjoinder under Rule 8(a). He argues prejudicial joinder under Rule 14, and in reviewing the denial of a motion for severance, we will reverse only where the defendant can demonstrate clear prejudice and abuse of discretion. *United States v. Bowman*, 602 F.2d 160 (8th Cir.1979); *United States v. Lewis*, 547 F.2d 1030, 1033 (8th Cir.1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). Our inquiry is not simply whether severance would have improved the defendant's chances of acquittal. *United States v. Bohr*, 581 F.2d 1294 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978) (severance of defendants).

After reviewing the record we cannot say that Melson was clearly prejudiced by the decision. Mr. Melson did testify with respect to the arson counts, and evidence of the

uncharged fires was introduced. However, the government's evidence was more than sufficient to support a conviction on both sets of charges. There was testimony from non-co-conspirators linking Mr. Melson with both the arson and the drug charges. Therefore, we will not disturb the District Court's ruling. See *United States v. Possick*, 849 F.2d 332, 337–38 (8th Cir.1988).

The judgment of the District Court is affirmed.