# United States Bankruptcy Appellate Panel

**FOR THE EIGHTH CIRCUIT**

---

No. 97-6012MN

---

In re:                                  *
                                        *
Ceresota Mill                       *
Limited Partnership,                    *
                                        *
            Debtor.                 *
                                        *
Agate Holdings, Inc.                    *       APPEAL FROM THE UNITED
                                        *       STATES BANKRUPTCY
            Appellant,              *       COURT FOR THE DISTRICT
                                        *       OF MINNESOTA
v.                                      *
                                        *
Ceresota Mill                     *
Limited Partnership,                    *
                                        *
            Appellee.               *

---

Submitted: July 2, 1997
Filed: August 15, 1997

---

Before KOGER, SCHERMER, and SCOTT

SCOTT, Bankruptcy Judge

I

Agate Holdings, Inc. appeals from a bankruptcy court order overruling its objection to the fee application of the attorneys for Ceresota Mill Limited Partnership (the "Debtor"). For the following reasons we affirm.

This Chapter 11 bankruptcy case was filed on January 9, 1996, with the debtor timely filing an application for employment of counsel. Employment was approved by the Bankruptcy Court[1] on January 22, 1996. The plan was confirmed on December 13, 1996, and, on December 23, 1996, counsel for the debtor filed its final application for fees and expenses, serving notice of the application and the hearing date upon the U.S. Trustee, creditors, and, specifically, upon Garrett M. Vail, the principal and attorney for the appellant Agate Holdings, Inc.[2] A supplemental application for copying fees was also filed on January 21, 1997. Pursuant to the Local Rules, and as specifically stated in the notice, objections to the fee application filed December 23, 1996, were due on or before January 17, 1997, if served by mail, and on January 20, 1997, if made by hand-delivery. On January 22, 1997, the appellant filed its objection to the application for fees and expenses, but did not file a motion to file the objection out of time. The objection asserted that the debtor's original January 1996 application for employment of counsel failed to disclose all connections between debtor's counsel and the debtor, creditors and parties in interest, and that counsel represented interests

---

[1]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

[2]The briefs and the colloquy between Mr. Vail and the Court reveal that he represented another creditor and was actively involved in the case through plan confirmation. Mr. Vail also now represents Agate Holdings, a company he owns and formed for the purpose of buying the claim of another non-active unsecured creditor in the case, Anderson Family Trust.

adverse to the estate such that the application for fees should be denied.

Hearing was held on January 27, 1997, and an Order entered on January 29, 1997, allowing the fees as originally requested.[3] The court held that the objection was untimely and, thus, did not consider the merits of the objection. The brief order recites "that the professional services rendered were actual and necessary, that the compensation requested is reasonable, and that the expenses incurred were actual and necessary." Appellant Agate Holdings asserts that its objection to the debtor's fee application should have been considered by the bankruptcy court despite the untimeliness of the objection.

II

This Court reviews the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and reviews legal conclusions de novo. Fed. R. Bankr. Proc. 8013; First National Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997). Decisions regarding a debtor's attorney's fees are matters within the discretion of the bankruptcy court such that this Panel reviews the bankruptcy court's decision under the abuse of discretion standard. Grunewaldt v. Mutual Life Ins.

---

[3]There followed a discussion between the bankruptcy court and parties regarding the supplemental request. The court, after unsuccessfully attempting to informally resolve the disputed copying expenses, denied the majority of the supplemental request and left the dispute, which was essentially between another creditor, DBC, and the debtor, to be resolved in another forum. The debtor does not believe these expenses belong to the estate, but submitted the expense request to place the dispute before the court. Under the circumstances, no new notice of opportunity to object was sent.

Company (In re Coones Ranch, Inc.), 7 F.3d 750, 744 (8th Cir. 1993). Review is limited in deference to the bankruptcy judge's familiarity with the work performed by counsel. In re Grady, 618 F.2d 19, 20 (8th Cir. 1980). An abuse of discretion occurs in this context "if the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Friedman v. Melp, Ltd. (In re Melp, Ltd.), 179 B.R. 636, 638 (E.D. Mo. 1995).

## III

Agate Holdings initially argues that the bankruptcy court abused its discretion in overruling the objection based upon untimeliness because the objection was only "marginally" beyond the deadline, citing Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380, 113 S. Ct. 1489 (1993), and the debtor was not prejudiced by the untimeliness.

Rule 9006(b), Federal Rules of Bankruptcy Procedure, permits the court to enlarge the time for an act to be done upon a showing of cause.[4] The court may act with or without motion or

---

[4]The standards in Rule 9006(b) are applicable to time limits established by Local Rules. Rule 9006(b) provides for enlargement of time by any act required by the Federal Rules of Bankruptcy Procedure or any notice given thereunder. Inasmuch as the notice is given under a rule established pursuant to Rule 9029, Federal Rules of Bankruptcy Procedure, Rule 9006(b), by its terms applies. Cf. Kyle v. Campbell Soup Company, 28 F.3d 928, 930-31 (9th Cir. 1994)(applying Rule 6(b) excusable neglect standard in interpreting local rule time requirements). See generally Fleischhauer v. Feltner, 3 F.3d 148, 151 & n.6 (6th Cir. 1993). In any event, in order to construe, enforce, or enlarge time limits established by local rules, standards must exist. The standards are established by Rule 9006, Federal Rules of Bankruptcy Procedure, and are applicable in this case.

notice if the request is made "<u>before</u> the expiration of the period originally prescribed..." Fed. R. Bankr. Proc. 9006(b)(1)(emphasis added). However, if the enlargement is requested <u>after</u> the expiration of the specified period, the rule requires not only the showing of cause, but also requires that a motion be made with a showing excusable neglect.[5] <u>Id</u>. Since no motion was made to enlarge the time for an act, either before or after the original deadline had passed for making the request, the appellant has not complied with Rule 9006(b).

Agate Holdings failed to make any showing of either cause or excusable neglect, as required by the rule, and as interpreted by <u>Pioneer Investment</u>, 113 S. Ct. 1489, in which the Supreme Court addressed the burdens and standards a party must meet when seeking an enlargement of time pursuant to Rule 9006(b)(1). In <u>Pioneer Investment</u>, the Supreme Court indicated that in determining whether a party's neglect of a deadline is excusable, the court is to consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial

---

[5]The Rule provides for enlargement as follows:

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shown may at anytime in it discretion (1) <u>with or without motion</u> or notice order the period enlarged if the request therefor is made <u>before</u> the expiration of the period originally prescribed or as extended by a previous order or (2) <u>on motion</u> made <u>after</u> the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. Proc. 9006(b)(1)(emphasis added).

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment, 113 S. Ct. 1498. The proper focus is upon "whether the neglect of respondents and their counsel was excusable." Id. at 1499 (emphasis in original); Harlow Fay, Inc. v. Federal Land Bank of St. Louis (In re Harlow Fay, Inc.), 993 F.2d 1351, 1352 (8th Cir. 1993), cert. denied, 510 U.S. 825 (1993)("[T]he outcome of this case turns on whether debtor's failure in timely filing its appeal brief was excusable."). At the hearing, Agate Holdings made no effort to explain the reason for its delay, whether the reason was within its control, and did not indicate that its acts were in good faith. Agate now argues that forty-eight hours is not so out of time as to warrant the overruling of its objection. Agate Holdings still does not offer any explanation for its delay in the filing of its objection.[6] Inasmuch as Agate Holdings failed to attempt any showing of excusable neglect, the bankruptcy court did not abuse its discretion in overruling the untimely objection.

---

[6]Agate Holding's everybody-does-it excuse offered at oral argument is not well-taken. There is no evidence before the Panel that it "routinely occurs in this district that there is a marginal failure to comply with the rules." Further, while it may be routine on the part of counsel to fail to comply with the rules, counsel did not assert that it was routine for the bankruptcy court to ignore the rules. In any event, while a trial court may have the discretion to consider a late-filed document where no party objects, a party filing an untimely document without an accompanying 9006(b) motion does so at its peril.

Agate Holdings also asserts that the bankruptcy court demonstrated a "bias against claim assignments that [was] unfair and contrary to law." A review of the transcript of the hearing reveals no such bias. Rather, the bankruptcy court found that the appellant, the assignee of a claim, was acting in bad faith. Since good faith is an element in any determination of whether there is excusable neglect, there was no abuse of discretion in the bankruptcy court's findings or comments regarding appellant's bad faith. Indeed, even though there was neither a motion nor any evidence before it of excusable neglect, the bankruptcy court considered the arguments of counsel and properly performed its duty to make findings.[7] The bankruptcy court properly made its determination based upon the history of the case and the evidence before it, including the fact that although the appellant's attorney had been involved in the case throughout its history, he

---

[7]Although it is true, as asserted by Agate Holdings, that there is no evidence in the record regarding the assignment, the bankruptcy court is not required to ignore the history of the case and the parties before it. The court is required to take into account all "relevant circumstances surrounding the party's omission." Cf. Harlow Fay, Inc. v. Federal Land Bank of St. Louis (In re Harlow Fay, Inc.), 993 F.2d 1351, 1352 (8th Cir. 1993), cert. denied, 510 U.S. 825 (1993)(court must consider all relevant circumstances). Thus, just as the bankruptcy court should consider the history of the case in reviewing a fee application, the court should take into account the creditor's participation in the case in determining good faith. Cf. In re Grady, 618 F.2d 19, 20 (8th Cir. 1980)(review of fee orders limited due to bankruptcy judge's "familiarity with the efforts and accomplishments of counsel.").

had never raised the issues of any conflict of interest on the part of debtor's attorney.[8]

V

Appellant also argues that Anderson Family Trust, a creditor at the time of the filing of the fee application, and the holder of the claim bought by Agate Holdings, did not receive notice of the application or notice of the hearing such that it was improper for the Court to rule on the application for fees. Initially, it is noted that the issue was not raised before the bankruptcy court such that this Panel should not consider it. Goff v. Burton, 91 F.3d 1188, 1192 (8th Cir. 199); United States v. Premises Known as 15145 50th Street South, 5 F.3d 1137, 1138 (8th Cir. 1993)(per curiam). Second, it is a disingenuous argument given the fact that Agate Holding's sole principal and shareholder was separately noticed of the application.

VI

Finally, Agate Holdings asserts that the Court abused its discretion in failing to separately analyze the fee application. There is no indication before this panel that the bankruptcy court failed to analyze the merits of the fee application. Rather, the bankruptcy court declined to reach the merits of Agate Holding's objection based upon the untimeliness of that

---

[8]Appellant's assertion that it is "not relevant" or "not proper " to assert conflicts of interest issues until a fee application is before the bankruptcy court is wrong as a matter of law. Indeed, as counsel admitted at oral argument, as an officer of the court, he had a duty to raise the issue when it became known. Of course, the issue must also be raised in good faith. Fed. R. Bankr. Proc. 9011.

objection. The bankruptcy court's order makes the appropriate findings of fact and conclusions of law consistent with its independent obligation to evaluate the merits of a fee application, see Rome v. Braunstein, 19 F.3d 54 (1st Cir. 1994); In re Reed, 95 B.R. 626, 628 (Bankr. E.D. Ark. 1988), aff'd, 890 F.2d 104 (8th Cir. 1989), and this Panel will not overturn those findings absent an showing of an abuse of discretion.

CONCLUSION

Agate Holdings asserts that the bankruptcy court abused its discretion because it refused to disregard the rules. A court does not abuse its discretion by applying the Federal Rules of Bankruptcy Procedure and the Local Rules where those rules are not in conflict. The bankruptcy court did not err in refusing to consider the merits of the untimely objection where the party not only failed to comply with the rules by failing to file a request for an enlargement of time, Fed. R. Bankr. Proc. 9006(b), but also failed to make any showing of excusable neglect under that rule. The bankruptcy court properly followed the federal and local rules in making its determination that an order awarding fees and costs was appropriate. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

9