**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

No. 97-6085MN

| | |
|---|---|
| In re: | * |
| | * |
| Mark William Pfleghaar, | * |
| | * |
|      Debtor | * |

-----------------------------------------------------------

| | | |
|---|---|---|
| Wayne G. Nelson, | * | |
| | * | |
|     Movant – Appellant, | * | Appeal from the United |
| | * | States Bankruptcy Court |
| v. | * | for the District of Minnesota |
| | * | |
| J. J. Mickelson, | * | |
| | * | |
|     Trustee – Appellee | * | |

Submitted: December 16, 1997
Filed:  December 19, 1997

Before KOGER, WILLIAM A. HILL, and SCOTT, Bankruptcy Judges

KOGER, Chief Bankruptcy Judge

    Appellant Wayne G. Nelson, the debtor's attorney, appeals the Order of the bankruptcy court denying his second Application for Compensation.  We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(b) and (c).

FACTS

Nelson filed a Chapter 13 Petition, Schedules and Plan on behalf of the debtor on April 14, 1997. On May 27, 1997, Nelson filed an Application for Compensation, under Minnesota Local Rule 2016-1,[1] requesting approval of fees and expenses in the flat amount of $850.00, pursuant to an agreement he had entered with the debtor. On July 10, 1997, the bankruptcy court allowed the Application for Compensation in the amount of $850.00 to Nelson. On August 21, 1997, Nelson filed a second Application for Compensation, asserting he was entitled additional fees for performing additional work which had not been included in the original flat fee agreement.

Specifically, the second Application stated that on March 17, 1997, prior to filing the bankruptcy case, the debtor and Nelson had entered into an attorney retainer agreement whereby the debtor agreed to pay the flat fee of $850.00 as attorneys fees in the case and paying a retainer of $360.00 ($200.00 plus the $160.00 filing fee). On June 6, 1997, prior to the court's approval of the first application for fees, the debtor signed an additional retainer agreement which provided that Nelson would charge $350.00 for additional work, specifically, "Responding to Motion for relief from stay and objection to confirmation and notifying additional creditors." On July 10, apparently unaware of the second agreement between the debtor and Nelson, the bankruptcy court approved the first Application. Then on August 21, Nelson filed his second Application for Compensation seeking the additional $350.00 pursuant to the June 6 agreement with the debtor. Nelson attached an itemization of his time and charges which showed he had expended

---

[1] Minn. Local Rule 2016-1(d) allows an attorney for a debtor in a Chapter 13 case to file a simplified application allowing payment of compensation without hearing if the fee does not exceed $850.00.

2

a total of 15 hours in the case and alleging his usual fee was $150.00 per hour.

The bankruptcy court denied the second Application by Order entered September 10, without holding a hearing on the application. The court found that the bankruptcy case was not a complicated case and that the additional services for which Nelson sought additional fees, (dealing

3

with an objection to confirmation, a motion for relief from stay, and notifying creditors) were all services which were included in the original contract.

Nelson appeals the order denying his second Application for Compensation, asserting the bankruptcy court's sua sponte denial of the attorney's fee application without a hearing was clearly erroneous and that the order should be reversed and his fees granted.

STANDARD OF REVIEW

An appellate court reviews the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and reviews legal conclusions de novo.  Fed. R. Bankr. P. 8013; First Nat'l Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997).  We review the bankruptcy court's decisions regarding an award of fees under an abuse of discretion standard.  Grunewaldt v. Mutual Life Ins. Co. (In re Coones Ranch, Inc.), 7 F.3d 740, 744 (8th Cir. 1993).  An abuse of discretion occurs in this context "if the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous."  Agate Holdings, Inc. v. Ceresota Mill L.P. (In re Ceresota Mill L.P.), 211 B.R. 315 (B.A.P. 8th Cir. 1997).  To be clearly erroneous, after reviewing the record, we must be left with the definite and firm impression that a mistake has been committed.  In re Waugh, 95 F.3d 706, 711 (8th Cir. 1996). Furthermore, review is limited in deference to the bankruptcy judge's familiarity with the work performed by the professional.  In re Grady, 618 F.2d 19, 20 (8th Cir. 1980).

DISCUSSION

4

11 U.S.C. § 330 provides, in pertinent part:

(a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

Subsection (3) then lists relevant factors which the court is to consider in determining the amount of reasonable compensation, including the time spent; the rates charged; whether the services were necessary to the administration, or beneficial toward the completion of, the bankruptcy case; whether the services were performed within a reasonable amount of time commensurate with the complexity of the task addressed; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. Finally, subsection (4)(B) provides that in a chapter 13 case in which the debtor is an individual, the court may award reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Nelson concedes that it was within the bankruptcy judge's discretion to review the application despite the fact that no one objected to it. However, it is Nelson's contention that the court was required to conduct a hearing on the application.

We addressed this issue recently in <u>Chamberlain v. Kula (In re Kula)</u>, 1997 WL 694299 (B.A.P. 8th Cir. 1997). We are bound by our previous decisions, just as the Court of Appeals for the Eighth Circuit is bound by its prior decisions. <u>See</u> <u>Foss v. U.S.</u>, 865

6

F.2d 178, 180 (8th Cir. 1989) (one panel of the Eighth Circuit Court of Appeals cannot reverse another panel; such action requires an en banc decision); Brown v. First Nat. Bank in Lenox, 844 F.2d 580, 581 (8th Cir. 1988) (same); Federal Deposit Ins. Corp. v. Bowles Livestock Comm'n Co., 937 F.2d 1350, 1354 (8th Cir. 1991) (same); see also Life Ins. Co. of Virginia v. Barakat (In re Barakat), 173 B.R. 672, 677 (Bankr. C.D. Cal. 1994) (discussing the doctrine of *stare decisis* as it relates to Bankruptcy Appellate Panel, District Court, and Circuit Court opinions).

Further, although Chamberlain was decided after the bankruptcy court's opinion and thus the bankruptcy court did not have the benefit of that decision when it issued the instant Order, Chamberlain is controlling. See Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 486 n. 16, 101 S. Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981) (stating "[a]n appellate court must apply the law in effect at the time it renders its decision" (citation omitted)); Ziffrin, Inc. v. United States, 318 U.S. 73, 78 63 S. Ct. 465, 468, 87 L.Ed. 621 (1943) (noting "[a] change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law"); Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258-59 (3d Cir. 1995).

In Chamberlain, we held that in making fee awards under § 330, a bankruptcy court is required to either make a specific lodestar calculation or indicate why the lodestar method is inappropriate under the circumstances. We also held, as discussed more fully below, that § 330 on its face entitles the applicant to a hearing on his fee application. On the other hand, we specifically commented that these requirements are frequently inappropriate in Chapter 13 cases and further noted that many districts have local rules permitting applications for fees under a certain amount, typically $850 - 1,000, be granted without an itemized fee statement and without a hearing. Such instances present an exception to the requirement for a hearing and a lodestar calculation.

As mentioned above, the Bankruptcy Court in Minnesota has such a rule, see Minn. Local Rule 2016-1(d) (permitting a simplified application without a hearing in the event the compensation sought does not exceed $850), and in the case at bar, Nelson filed his initial application for fees under that rule. As such, he was not

8

required to file itemized statements or other documentation as to that Application, nor was he entitled to a hearing at that point.

However, when Nelson filed his second Application, the simplified rules (and thus the exception to the rules announced in Chamberlain) no longer applied. Consequently, as to the second Application, Nelson was required to file sufficient documentation to allow the bankruptcy court to make a decision as to whether the requested compensation was reasonable as enunciated in

<u>Chamberlain</u>.  The court was then to make a determination as to the reasonableness of the fee request and issue findings and conclusions based on the evidence.

Although Nelson of course asserts he is entitled to the requested fees and the bankruptcy court erred in denying them, the focus of Nelson's appeal is not specifically aimed at the bankruptcy court's findings or failure to perform a lodestar calculation.  Rather, he focuses on his entitlement to a hearing.  In its Order denying the second Application, the bankruptcy court commented that a hearing was not necessary and that it had determined to decide the matter on the papers.  We believe Nelson is correct that this was error and that he was entitled to a hearing.[2]

As stated in <u>Chamberlain</u>, Section 330(a) provides that the bankruptcy court may award fees to a professional "after notice . . . and a hearing."  "[I]f the bankruptcy court plans to disallow certain items of compensation, § 330(a) on its face first contemplates the applicant's right to a hearing."  <u>Chamberlain</u>, at *12 (<u>quoting</u> <u>In re Busy Beaver Bldg. Centers, Inc.</u>, 19 F.3d 833, 845 (3d Cir. 1994)); <u>accord</u> <u>In re Spillane</u>, 884 F.2d 642, 646 (1st Cir. 1989).  Thus, there can be no question but that Nelson was entitled to a hearing before the bankruptcy court denied his second fee application.  As a result, the case must be remanded to the bankruptcy court for a hearing on the second Application.

On the other hand, we must point out that, as in <u>Chamberlain</u>, Nelson may not, given the circumstances of the case, be entitled to a full evidentiary hearing on the Application.  Section 102(1)

---

[2] To the extent Nelson requests we simply reverse the bankruptcy court and award his fees, that request is denied.  We do not find he was necessarily entitled to his fees; rather, we merely find he was entitled to a hearing on the second Application.

provides that the hearing contemplated by § 330 means "such opportunity for a hearing as is appropriate in the particular circumstances." In <u>Chamberlain</u>, the applicant had been afforded a hearing but he appealed because, *inter alia*, he believed he was entitled to present live witnesses regarding certain issues. Although we reversed and remanded the case for a lodestar calculation, we

held in that case that the applicant was not entitled to a full evidentiary hearing and that the hearing he had received was adequate under the circumstances.  Id. at *13.

In discussing the type of hearing to which an applicant is entitled, in Chamberlain we relied on the decision by the Third Circuit Court of Appeals in In re Busy Beaver Bldg. Centers, Inc., which said:

> At the hearing, held after notice of the court's concerns and/or objections, the court should allow the applicant a reasonable opportunity to present legal arguments and/or evidence, as the case may be, to clarify or supplement the petition and accompanying affidavit.  Of course, the anatomy of the hearing lies within the sound discretion of the bankruptcy judge, and would not necessarily require the presentation of oral testimony.  For example, the type of hearing which "is appropriate in the particular circumstances" might simply be an oral hearing (whether in court or more informally, as by teleconference) at which the applicant submits argument based upon the papers.  The essential point is that the court should give counsel a meaningful opportunity to be heard.

Chamberlain, at *12 (quoting In re Busy Beaver, 19 F.3d at 846).  If after allowing the applicant to respond, the bankruptcy court adheres to its views and disallows some of the requested compensation, it should enter sufficient findings of fact and conclusions of law in the record to facilitate review.  Id.

In the case at bar, Nelson is certainly aware of the bankruptcy court's concerns and objections to his second fee request.  At this point, he is simply entitled to a hearing at which he can be given a reasonable opportunity to present legal argument and/or evidence to clarify or supplement his Application.   If, after conducting the hearing, the bankruptcy court is still of the opinion that Nelson is not entitled to the additional compensation, it should enter findings and conclusions so that, if appealed again, a reviewing court can determine the bases for that decision.

12

CONCLUSION

For the foregoing reasons, we conclude that Nelson was entitled to a hearing on his second Application for Compensation under § 330 and that it was therefore error for the bankruptcy court to decide the matter on the papers. The case is therefore REVERSED and REMANDED for a hearing which is appropriate under the circumstances.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT