# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 99-6029 NE

---

In re:                          *
                                *
William E. McKeeman,            *
Lynn N. McKeeman,               *
                                *
    Debtors.                  *
                                *
James Edward Bachman,           *        Appeal from the United States
                                *        Bankruptcy Court for the
    Appellant,                *        District of Nebraska
                                *
        v.                  *
                                *
Kathleen Laughlin, Trustee,     *
                                *
    Appellee.                 *

---

Submitted: June 24, 1999
Filed: August 3, 1999

---

Before WILLIAM A. HILL, SCHERMER, DREHER, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

Debtors' Chapter 13 counsel appeals the bankruptcy court's[1] order reducing his attorney fee request on the grounds that the court abused its discretion by considering the

---

[1] The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

hourly rate and number of hours typically charged in a Nebraska Chapter 13 case and by refusing to award compensation at counsel's full hourly rate for travel time. Because the court made a lodestar calculation in determining reasonable compensation, the court did not abuse its discretion and we affirm.

## FACTS

Appellant, James Edward Bachman, filed a Chapter 13 petition for Mr. and Mr. McKeeman on January 15, 1998. The court confirmed debtors' second amended Chapter 13 plan on January 6, 1999. During the case, counsel filed three fee applications seeking approval of fees in the total amount of $3,595.00 for legal services rendered and $205.30 for reimbursement of expenses.[2] In the first fee application, counsel requested fees of $2,260.00 for 17 hours of attorney time billed at $125.000 per hour, and three hours of legal assistant time billed at $45.00 per hour. This application covered the time period from January 13, 1998 through June 11, 1998. The second application, covering the period of January 1, 1998 through November 11, 1998, sought additional fees of $1,123.00. The court approved counsel's second fee application but did not enter an order with respect to the first application.[3]

---

[2] Although the order on appeal recites that counsel sought approval of fees in the total amount of $3,575.00 and cost reimbursement of $205.30, Mr. Bachman's third fee application requested fees in the amount of $3,595.00 and no amount for reimbursable costs and expenses. In fact, although the court can glean that counsel incurred expenses of $205.30 from counsel's billing records attached to the second and third fee applications, none of the attorney fee applications actually requested expense reimbursements.

[3] The order approving the second fee application does not state the dollar amount of fees allowed. Rather, that order simply recites that the motion is granted. In the journal entry that is the subject of this appeal, however, the court stated that it awarded Mr. Bachman fees in the amount of $1,107.00 under the second fee application. The amount of $1,107.00 is reflected on the second application as the balance of fees remaining after deducting amounts received to date. This balance ($1,107.00), however, appears to be the result of an error in counsel's calculation. Total fees requested were $1,123.00, while counsel's receipts to date were listed as $160.00. The balance of additional fees, therefore, should have been only $963.00 ($1,123 - $160) rather than $1,107.00 ($1,123 - $16). Further, the additional fees requested ($1,123.00), plus the amount previously sought in the first application ($2,260.00) exceed the total amount of $3,260.00 listed as charges for professional services on the billing statement attached to the second application. Based upon these errors and inconsistencies, even though this court affirms

2

Mr. Bachman filed a third application in January 1999, covering the entire time period from filing through confirmation. In that application, he sought to have total fees of $3,595 paid through the plan. The Chapter 13 Trustee objected to the third fee application on the grounds that total fees were in excess of customary fees of $1,100.00 allowed in Chapter 13 cases, and that although the case may have involved unusual tax issues, the full amount requested appeared unreasonable. The trustee further objected that travel time was billed at counsel's full hourly rate of $125.00 and urged that various inconsistencies in counsel's applications made it difficult to ascertain the precise amount of fees requested.[4]

The bankruptcy court conducted a hearing on the third fee application on March 10, 1999. Mr. Bachman supported this fee request with an affidavit that explained the nature of the tax matters involved, and at the hearing, he asserted that his efforts related to the debtors' tax liabilities, as well as, his own health problems caused delays which increased fees in this case. The court took the issue of fees under advisement, and by its journal entry of April 2, 1999, allowed fees in the reduced amount of $1,300.00 inclusive of amounts previously allowed. In making its fee determination, the court performed a lodestar analysis, finding the reasonable hourly rate for these legal services to be $110.00 per hour, and finding $45.00 per hour to be the reasonable rate for counsel's legal assistant. The court further found that while in a typical Chapter 13 case, ten hours of attorney time at $110.00 is reasonable, in this case, eleven hours of attorney time and two hours of legal assistant time were reasonable, resulting in a total fee award of $1,300.00 [(11 x $110) + (2 x $45)]. Although the court found all of counsel's travel time was necessary, the court also held that it was unreasonable to charge $110.00 per hour for travel time.

---

the bankruptcy court's award of fees, we doubt whether the amount awarded under the second application can clearly be known from this record.

[4] Some of these inconsistencies were noted in footnotes 2 and 3 above. Other inconsistencies include Mr. Bachman's time summary attached to the third fee application which reflected accumulated fees of $3,710.00, while the application sought $3,595.00. Further, the third application enumerated "total time and billings for services to date" as 1.00 hour at $125.00 for a total of $450.00. As stated previously, this court finds great difficulty in following the logic of counsel's fee applications and in connecting the information in the billing records to amounts requested on the fee applications.

On appeal, Mr. Bachman maintains that the court abused its discretion in considering rates and hours incurred in a "typical" Chapter 13 case. He argues that the court thereby employed an arbitrary standard for allowance of fees. Further, Mr. Bachman urges that by precluding counsel from billing travel time at his full hourly rate, the court interfered with his attorney client relationship. He asserts that his clients did not object to the reasonableness of counsel's fees and that by preventing him, as an outstate attorney, from receiving full compensation for his travel time, the court has placed him at a competitive disadvantage and denied his clients the right to select counsel of their choice.

**STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of this Circuit has twice previously addressed appeals from denial of attorneys' fees and has well stated the applicable standard of review, as well as, the analysis required from a bankruptcy court when considering professional fees under 11 U.S.C. § 330. See Nelson v. Mickleson (In re Pfleghaar), 215 B.R. 394 (B.A.P. 8th Cir.1997); Chamberlain v. Kula (In re Kula), 213 B.R. 729 (B.A.P. 8th Cir. 1997). On appeal, we review the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and its legal conclusions are reviewed de novo. Fed.R.Bankr.P. 8013; First Nat'l Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir.1997). Decisions regarding an award of fees are subject to the abuse of discretion standard. Grunewaldt v. Mutual Life Ins. Co. (In re Coones Ranch, Inc.), 7 F.3d 740, 744 (8th Cir.1993). An abuse of discretion occurs in this context "if the bankruptcy judge fails to apply the proper legal standard, fails to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Agate Holdings, Inc. v. Ceresota Mill L.P. (In re Ceresota Mill L.P.), 211 B.R. 315, 317 (B.A.P. 8th Cir. 1997). To be clearly erroneous, after reviewing the record, we must be left with the definite and firm impression that a mistake has been committed. In re Waugh, 95 F.3d 706, 711 (8th Cir.1996). Finally, our review is limited in deference to the bankruptcy judge's familiarity with the work performed by the professional. In re Grady, 618 F.2d 19, 20 (8th Cir.1980). See Kula, at 735.

4

## DISCUSSION

Section 330 governs allowance of attorney's fees and states, in pertinent part:

(a)　(1)　After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

    (A)　reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)　reimbursement for actual, necessary expenses.

Subsection (a)(2) permits the court, on its own motion or on the motion of the a trustee or other party in interest, to award compensation that is less than the amount of compensation requested. Subsection (a)(3)(A) lists various factors the court shall consider in determining the amount of reasonable compensation including:

- the time spent;
- the rates charged;
- the necessity of the services for administration of the case;
- the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue, or task addressed; and
- the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

(11 U.S.C. § § 330(a)(3)(A)-(E)).

Section 330(a)(4)(B) separately addresses Chapter 12 and Chapter 13 cases and provides that the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in section 330.

In <u>Kula</u>, we explained that the lodestar method is the appropriate approach for determining reasonable compensation under § 330. <u>Kula</u>, 213 B.R. at 736 (citing <u>P.A. Novelly v. Palans (In re Apex Oil Co.)</u>, 960 F.2d 728, 731 (8th Cir. 1992)). The lodestar amount is calculated by multiplying the reasonable hourly rate by the reasonable number of hours required. To determine the reasonableness of rates and hours, 11 U.S.C. § 330(a)(3)(A) directs courts to consider the factors listed above. Many courts, including the bankruptcy court in this case, also apply similar criteria set forth in <u>Johnson v. Georgia</u>

5

Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); Kula, at 738, In re Malewicki, 142 B.R. 353, 355 (Bankr. D. Neb. 1992) to determine the reasonableness of attorneys' fees. Because the factors enumerated in Johnson have been detailed in our prior decisions and because they parallel the factors listed in 11 U.S.C. § 330(a)(3)(A), they will not be listed again here.

In this case, the bankruptcy court conducted a lodestar analysis and specifically referred to and applied the Johnson criteria in determining the reasonable number of hours for the services provided and the reasonable hourly rate for such services. The court reviewed the Chapter 13 plans, bankruptcy schedules, statement of financial affairs, counsel's fee applications, the detailed time entries in counsel's attached billing records, counsel's affidavit in support of his third application, as well as, other pleadings, including several motions to dismiss filed in this case. After reviewing the work performed in representing the debtors in this Chapter 13 case, the court determined that the case presented no novel or difficult legal issues, nor required expertise higher than that required in the typical Chapter 13 case. Consequently, the court found no reason to deviate greatly from the reasonable rates or hours charged in a typical Chapter 13 case.

Consideration of amounts charged in a "typical" Chapter case is consistent with the tests set forth above and does not show that the court improperly employed an arbitrary standard to award fees. The Johnson factors specifically require consideration of customary fees charged, awards in similar cases, and the novelty of the issues involved. Johnson, 488 F.2d at 717-19. "[A] court can legitimately take into account the typical compensation that is adequate for attorney's fees in chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and reasonable hourly rate." Boddy v. United States, 950 F.2d 334, 338 (6th Cir. 1991). Here, the court explicitly considered the actual hours worked and determined that, in light of the standard services rendered and the ordinariness of the case, reasonable time included eleven hours of attorney time and two hours legal assistant time. Similarly, in light of the routine nature of the proceeding, the court applied a reasonable rate of $110.00 rather the requested rate of $125.00. In so holding, the bankruptcy court did not arbitrarily impose a flat fee. Rather, the court

6

considered the reasonable rates and hours charged in Chapter 13 cases in its district and then applied those rates to this case, resulting in a lodestar amount of $1,300.00.

When a bankruptcy court determines that a case presents routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fees accordingly. It is not necessary for the court to find that the time spent on any given task was excessive before reducing the award. In re Howell, 226 B.R. 279, 280 (Bankr. M.D. Fla. 1998) (an hour-by-hour review in standard Chapter 13 cases would be a waste of judicial resources because such cases are susceptible to standard rates); In re Shamburger, 189 B.R. 965, 973 (Bankr. N.D. Ala. 1995)(citing cases holding that hour-by-hour analysis of fees is not required where application is voluminous). Here, the court found that while the case involved tax matters, it presented no issues that were novel or required skill not common to all Chapter 13 cases. For this reason, the court determined that the total fees requested were unreasonable, and it appropriately reduced fees to an amount -- determined by hours and rate -- to be reasonable. There is no basis to find error in the court's conclusion.

Counsel also challenges the court's holding that it was unreasonable to charge the full hourly rate for travel time in a routine Chapter 13 case, and counsel asserts that by disallowing full fees for travel time, the court has impinged on counsel's ability to serve his clients and has placed him at a competitive disadvantage. While there is authority to support an award of compensation at the full hourly rate for attorney travel time, (see In re Zepecki, 224 B.R. 907, 911 (Bankr. E.D. Ark. 1998); In re Braddy, 195 B.R. 365, 368 (Bankr. E.D. Mich. 1996) (addressing issues of competitive disadvantage if travel time is not reimbursed at the full rate)), other authorities equally support the conclusion that attorneys should not be compensated at the full hourly rate while traveling because travel time is not time productively providing "legal services." In re Anderson Grain Corp., 222 B.R. 528, 532 (Bankr. N.D. Tex, 1998) (ludicrous to charge full hourly rates for travel time); In re Bennett Funding Group, Inc., 213 B.R. 234, 251 (Bankr. N.D. N.Y. 1997) (allowing one-half normal rate unless work performed during the travel); In re Automobile Warranty Corp., 138 B.R. 72, 78 (Bankr. D. Colo. 1991) (collecting cases with varying approaches).

The Eighth Circuit has addressed compensation for attorney travel time in the context of civil rights and employment discrimination proceedings with varying results. Because the lodestar method applies to calculation of reasonable attorney's fees under such federal statutes, those cases provide guidance here. Kula, at 736 (citing use of the lodestar method in determining fees under various federal statutes). In Craik v. Minnesota State University Board, 738 F.2d 348, 350 (8th Cir. 1984), for example, the Eighth Circuit awarded attorney's fees for travel time at counsel's full hourly rate, finding the charges for travel were reasonable and were the result of an unusually complex employment discrimination appeal. Conversely, in McDonald v. Armontrout, 860 F.2d 1456, 1462 (8th Cir. 1988), a civil rights action, the court affirmed a district court decision which reduced by fifty percent the hourly rate for attorney travel time, holding that the award was reasonable and within the court's discretion. Finally, in Winter v. Cerro Gordo County Conservation Board, 925 F.2d 1069, 1074 (8th Cir. 1991), the appellate court affirmed disallowance of all expenses for travel, finding the expense determination to be within court's discretion. In McDonald, the court rejected the argument that Craik required travel to be compensated at counsel's full hourly rate and explained that its previous decisions held only that compensating counsel at the full rate was not unreasonable, and that no case precedent mandated that fees for travel had to be paid at the full rate. McDonald, at 1463. In the instant case, based upon its experience in valuing services in Chapter 13 cases and the customary fees charged, the bankruptcy court determined that it was unreasonable in its district to charge the full hourly rate for travel time. This decision was within the court's discretion and we find no abuse of that discretion.

Finally, counsel maintains that the court's determination places him at a competitive disadvantage with counsel who do not travel from outstate areas. He further asserts that the court's decision impedes his client's right to counsel of their choice by making bankruptcy cases cost prohibitive for outstate attorneys. Some courts have found these arguments persuasive as a basis for compensating travel time at an attorney's full hourly rate. See In re Braddy, at 367-68; In re Raytech Corp., 206 B.R. 646, 651(Bankr. D. Conn. 1997); In re Spanjer Brothers, Inc., 191 B.R. 738, 755 (Bankr. N.D. Ill. 1996). The analysis of these cases is not compelling here, however. In Braddy, for example, the court had before it only the Chapter 13 trustee's objection to counsel's travel time, not an objection to the overall reasonableness of counsel's fees, and that court's standards for reasonable compensation far

8

exceeded what is reasonable in Nebraska. There, the court awarded compensation for over 23 hours of legal time at $175.00 per hour. The <u>Braddy</u> court simply was not operating on the same level of reasonableness regarding Chapter 13 fees as the court in Nebraska so that its treatment of travel time is not persuasive.

<u>Raytech</u> and <u>Spanjer</u> were both Chapter 11 cases in which policy concerns of attracting competent counsel to the field of bankruptcy influence whether counsel should be compensated for travel at counsel's full rate. <u>Raytech</u>, at 652. Because Chapter 13 case are more routine and involve standardized procedures, such policy concerns are less applicable, and we defer to the bankruptcy court for judgments pertaining to the competitiveness and development of its local legal community. In Chapter 13 cases, the relevant inquiry is the value of the services to the debtor. 11 U.S.C. § 330(a)(4)(B), and although counsel's clients may have been willing to pay his fees, we find no abuse in the court's decision to reduce those fees.

Accordingly, for the forgoing reasons, we affirm the decision of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

9