In re Leonard POWELL and Margaret Powell, Debtors.

Joyce Bradley Babin, Chapter 13 Trustee, Trustee–Appellant,

v.

Leonard Powell and Margaret Powell, Debtors–Appellees.

Nancy J. Gargula, U.S. Trustee, Amicus on Behalf of Appellant.

In re Cho Pun Davis, Debtor.

Joyce Bradley Babin, Chapter 13 Trustee, Trustee–Appellant,

v.

Cho Pun Davis, Debtor–Appellee.

Nancy J. Gargula, U.S. Trustee, Amicus on Behalf of Appellant.

BAP Nos. 08–6008, 08–6009.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted: Aug. 8, 2008.

Filed: Sept. 2, 2008.

Before KRESSEL, Chief Judge, SCHERMER, and McDONALD, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

The issue raised in these appeals concerns the calculation of a debtor's allowable expenses under Section

707(b)(2)(A)(ii)(I) of the Bankruptcy Code. The specific question addressed is whether above-median income debtors may claim transportation ownership expense deductions for vehicles owned free and clear of liens. The Chapter 13 Trustee objected to the confirmation of plans proposed by Debtors Leonard and Margaret Powell and Cho Pun Davis on the theory that the debtors were not submitting all projected disposable income to the repayment of creditors under their plans. The debtors had calculated disposable income by deducting transportation ownership expenses for vehicles owned free and clear of liens. The bankruptcy court overruled the objections and confirmed the debtors' plans. In so doing, the bankruptcy court allowed the debtors deductions for transportation ownership expenses for vehicles owned free and clear of liens in calculating disposable income.

This Court has previously addressed this issue in *Babin v. Wilson (In re Wilson)*, 383 B.R. 729 (8th Cir. BAP 2008), wherein this Court concluded that debtors who do not incur vehicle ownership expenses are not permitted to claim a deduction for such expenses because such expenses are not allowable under Section 707(b)(2)(A)(ii)(I) of the Bankruptcy Code. We are bound by the decision of a prior panel of this Court. *United States v. Betcher*, 534 F.3d 820, 823–24 (8th Cir. 2008); *Passmore v. Astrue*, 533 F.3d 658, 660 (8th Cir.2008); *Nelson v. Mickelson (In re Pfleghaar)*, 215 B.R. 394, 396 (8th Cir. BAP 1997); *Luedtke v. Nationsbanc Mortgage Corp. (In re Luedtke)*, 215 B.R. 390, 391 (8th Cir. BAP 1997). For the reasons set forth in *Babin v. Wilson*, we REVERSE the orders confirming the debtors' plans.