# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

No. 08-6008

———————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Leonard Powell and Margaret Powell, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Joyce Bradley Babin, | * | |
| Chapter 13 Trustee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Trustee - Appellant, | * | Western District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Leonard Powell and Margaret Powell, | * | |
| | * | |
| Debtors - Appellees. | * | |
| | * | |
| Nancy J. Gargula, U.S. Trustee, | * | |
| | * | |
| Amicus on Behalf of Appellant | * | |
| | * | |

_____

No. 08-6009

_____

In re:                                    *
                                          *
Cho Pun Davis,                            *
                                          *
        Debtor.                           *
                                          *
                                          *
Joyce Bradley Babin,                      *
Chapter 13 Trustee,                       *        Appeal from the United States
                                          *        Bankruptcy Court for the
        Trustee - Appellant,              *        Western District of Arkansas
                                          *
             v.                           *
                                          *
Cho Pun Davis,                            *
                                          *
        Debtor - Appellee.                *
                                          *
Nancy J. Gargula, U.S. Trustee,           *
                                          *
    Amicus on Behalf of Appellant         *

_____

Submitted: August 8, 2008
Filed: September 2, 2008

_____

Before KRESSEL, Chief Judge, SCHERMER, and MCDONALD, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

2

The issue raised in these appeals concerns the calculation of a debtor's allowable expenses under Section 707(b)(2)(A)(ii)(I) of the Bankruptcy Code. The specific question addressed is whether above-median income debtors may claim transportation ownership expense deductions for vehicles owned free and clear of liens. The Chapter 13 Trustee objected to the confirmation of plans proposed by Debtors Leonard and Margaret Powell and Cho Pun Davis on the theory that the debtors were not submitting all projected disposable income to the repayment of creditors under their plans. The debtors had calculated disposable income by deducting transportation ownership expenses for vehicles owned free and clear of liens. The bankruptcy court overruled the objections and confirmed the debtors' plans. In so doing, the bankruptcy court allowed the debtors deductions for transportation ownership expenses for vehicles owned free and clear of liens in calculating disposable income.

This Court has previously addressed this issue in *Babin v. Wilson (In re Wilson)*, 383 B.R. 729 (B.A.P. 8th Cir. 2008), wherein this Court concluded that debtors who do not incur vehicle ownership expenses are not permitted to claim a deduction for such expenses because such expenses are not allowable under Section 707(b)(2)(A)(ii)(I) of the Bankruptcy Code. We are bound by the decision of a prior panel of this Court. *United States v. Betcher*, ___ F.3d ___, 2008 WL 2796721, at *2 (8th Cir. Jul. 22, 2008); *Passmore v. Astrue*, 533 F.3d 658, 660 (8th Cir. 2008); *Nelson v. Mickelson (In re Pfleghaar)*, 215 B.R. 394, 396 (B.A.P. 8th Cir. 1997); *Luedtke v. Nationsbanc Mortgage Corp. (In re Luedtke)*, 215 B.R. 390, 391 (8th Cir. BAP 1997). For the reasons set forth in *Babin v. Wilson*, we REVERSE the orders confirming the debtors' plans.

---