**In re Emmett L. DORSETT, Jr. and Jacquelyn J. Dorsett, Debtors.**

**No. 03–11306–B–13.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

Aug. 18, 2003.

Ann Marie Friend, Modesto, CA, for Debtor.

Armand J. Howell, Van Nuys, CA, for Creditor.

## MEMORANDUM DECISION RE EX PARTE REQUEST FOR ADDITIONAL ATTORNEY'S FEES

W. RICHARD LEE, Bankruptcy Judge.

Before the court is an *ex parte* application by the chapter 13 Debtors' counsel requesting a modification (increase) of this court's prior award of attorney's fees. The Debtors are self-employed and operate a licensed daycare facility under the name Simply Unique Family Day Care from their home in Los Banos, California. The application will be denied.

### Background

On February 11, 2003, the Debtors filed a petition for chapter 13 relief. Ann Marie Friend, Esq., of Friend & Walton, a Professional Law Corporation ("Counsel"), represents the Debtors. After the time expired for creditors to object to confirmation of the chapter 13 plan (the "Plan"), the Debtors submitted a proposed order confirming the Plan (the "Confirmation Order"). The Plan provides for a 100% distribution to unsecured creditors in the estimated amount of $9,879.87. It also provides for the payment of attorney's fees to Counsel in the amount of $3,500 pursuant to this court's applicable Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases (the "Chapter 13 Fee Guidelines"). On May 15, 2003, this court signed the Confirmation Order, yet reduced the amount of allowed attorney's fees to $2,000 with a notation that the award was "without prejudice to the attorney's right to request additional fees upon a showing that this is a 'business case.' " On June 13, 2003, Counsel filed an Ex Parte Application to Provide for Attorney Fees as Scheduled in Chapter 13 Plan, along with a proposed amended confirmation order providing for attorney's fees in the increased

amount of $3,500.[1] This memorandum decision contains the court's findings of fact and conclusions of law. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (L).

*Analysis.*

This court's General Order 01–02 (effective in chapter 13 cases filed between March 1, 2001 and June 30, 2003) allows a chapter 13 debtor's counsel to elect between two procedures for the approval and compensation of attorney's fees.[2] The first procedure prescribed in the General Order is an expedited process which does not require a separate fee application (the "Guideline Fee"). The alternative procedure provides for payment in excess of the Guideline Fee upon submission of a detailed fee application with time records. If an attorney elects to accept the Guideline Fee, she must comply with the Chapter 13 Fee Guidelines, which define the Guideline Fee procedure in pertinent part:

Counsel *may* seek approval for fees in the order confirming the plan *up to*

[$2,000 in non-business cases, and $3,500 in business cases] without filing a detailed application if:

(a) Counsel has filed an executed copy of the "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys" . . . and

(b) No objection to the requested fees has been raised. (emphasis added).[3]

In the present case, Counsel filed an executed copy of this court's "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys" (the "Rights and Responsibilities Statement") and no objection to the requested fee has been raised by the Debtors, the chapter 13 Trustee, or any creditor.[4] Accordingly, Counsel was entitled to request a Guideline Fee. The issue before the court is whether Counsel is entitled to the Guideline Fee for a "business case."

 Pursuant to 11 U.S.C. § 329(b), this court has the discretion to review any pre-petition fee agreement to assure that the compensation does not exceed the reasonable value of the services rendered.[5]

1. Counsel's ex parte application asserts that this is a "business case" and that Counsel is entitled to a higher fee because:

 1) the operation of the daycare facility is the Debtors' sole source of income;

 2) the chapter 13 Trustee treated this as a "business case" by sending his business examiner to visit the daycare facility and interview the Debtors; and

 3) the petition lists the dba Simply Unique Family Daycare under both Debtors' names.

2. General Order 01–02, and its replacement, General Order 03–03, are applicable to all chapter 13 cases filed in the Eastern District of California. They both provide for the compensation of chapter 13 debtor's counsel in pertinent part:

 Compensation paid to attorneys for the representation of debtors shall be determined according to the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases or, when the attorney elects not to comply with

the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases, the Guidelines for Compensation and Expense Reimbursement of Professionals, sections 329 and 330, FRBP 2002, 2016, and 2017, and other applicable authority. Gen. Order 01–02, Par. 4(c), General Order 03–03, Par. 4(c).

3. Effective with cases filed on or after July 1, 2003, the Guideline Fee was increased to $2,500 for a non-business case and $4,000 for a business case.

4. The Rights and Responsibilities Statement sets forth, *inter alia*, the scope of the services to be provided by debtor's counsel, the debtor's obligations, and the amount of attorney's fees which have been agreed to between the debtor and his/her counsel.

5. The attorney's fee provided for in the Plan ($3,500) is consistent with the fee agreed to by the Debtors in the Rights and Responsibili-

"Compensation paid to the attorney for a chapter 13 debtor must be reasonable considering the benefit to the debtor and the necessity of the services." *In re Pedersen,* 229 B.R. 445, 448 (Bankr.E.D.Cal.1999) (citing 11 U.S.C. § 330(a)(4)(B)). The Chapter 13 Fee Guidelines do not require the court to accept the Debtors' (or Counsel's) characterization of the case. The Chapter 13 Fee Guidelines are not a fee schedule. Rather, they set forth the *maximum* amount of fees that the court may approve on an expedited basis for a particular type of case. As the court stated in *Pedersen:*

> The chapter 13 fee guidelines are nothing more than a presumption that compensation is reasonable if paid in the amounts and in the manner prescribed by the guidelines. The court or any party in interest may reject this presumption and compel the attorney to file a conventional fee application and prove that his or her fees are reasonable.

*Id.* at 448 (footnote omitted).

 Even in the absence of any formal objection to attorney's fees, and even if all creditors will be paid in full under the Debtors' plan, the court has an independent duty to "review the fees and costs requested to determine their necessity and reasonableness under the circumstances.... [C]reditors will be affected because the larger the administrative claims, the longer it will take to get funds for other creditors below the administrative claim level." *In re Montgomery Drilling Co.,* 121 B.R. 32, 35 (Bankr.E.D.Cal.1990) (chapter 11 attorney's fees reduced by the court even though the creditors were getting paid in full under the confirmed plan). In reviewing the appropriateness of any fees requested pursuant to the Chapter 13 Fee Guidelines, the court must decide whether, based on the circumstances, this is a "business" or "non-business" (consumer) case. Even if this is a "business case" the Chapter 13 Fee Guidelines do not require approval of $3,500 as the fee.

The term "business case" is not defined in the Bankruptcy Code.[6] This court's Chapter 13 Fee Guidelines introduced the concept of a "business case" in an attempt to assure fair compensation for attorneys employed in those cases (business in nature), which tend to involve unique issues and generally require more legal work than the typical consumer case.

Chapter 13 relief is only available to "an individual with regular income...." 11 U.S.C. § 109(e). A corporation or unincorporated association cannot seek relief in chapter 13. The amount of non-contingent, liquidated debt which can be restructured in chapter 13 is less than $1.2 million. *Id.* Therefore, every chapter 13 "business case" will necessarily involve a self-employed debtor who derives income from some form of small business enterprise.

 In the present case, the Debtors have operated a daycare facility, licensed for eight children, from their home, since February 1998. This daycare facility is the Debtors' sole source of income. The court acknowledges that a daycare operation is technically a business, as it appears

---

ties Statement and in the Disclosure of Compensation of Attorney for Debtor filed with the petition pursuant to 11 U.S.C. § 329(c) and Federal Rule of Bankruptcy Procedure 2016(b).

**6.** Although the term "business case" is not defined in the Bankruptcy Code, the first page of the Voluntary Petition for all bankruptcy cases requires the debtor to indicate whether the "Nature of Debts" is Consumer/Non–Business or Business. In the present case, Debtors indicated that the "Nature of Debts" is Consumer/Non–Business.

to be a "commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain." *See Black's Law Dictionary,* 7th ed.1999. The care of children is an important commitment requiring the highest degree of responsibility. However, every case in which the debtor operates a small business is not necessarily a "business case" as that term is used in the Chapter 13 Fee Guidelines. In other words, the fact that debtors are self-employed in a for-profit enterprise does not necessarily mean that their case has the unique issues and the level of complexity sufficient to warrant a higher level of compensation for their attorney.

■ In reviewing the record of a chapter 13 case, this court looks to several factors to determine whether or not the case has the potential level of complexity to qualify as a "business case" for purposes of awarding the higher Guideline Fee. The following list is not exhaustive, and some factors may bear more weight than others depending on the facts and circumstances of the case. The court's review typically focuses on the following:

1) Are there employees (other than the debtors themselves) and employee-related issues?

2) Is there an established place of business other than the home?

3) Do the debtor's obligations consist primarily of consumer or trade debt?

4) Is there a significant amount of inventory, or equipment (e.g., vehicles, machinery, fixtures, etc.) not normally found in a home?

5) Are there any executory contracts or leases that need to be assumed or rejected to protect the business?

6) Are there business-related debt obligations that may have to be restructured?

7) Are there any cash-collateral issues that need to be resolved?

8) Are there any non-consumer related relief from stay issues?

9) Are there any business-related tax issues (e.g., State sales tax, payroll withholding, etc.)?

10) Did the debtor file a Business Income and Expenses statement? If so, what is the ratio of business expense to total business income?

11) Were there any objections to confirmation of the chapter 13 plan?

12) Are there any unusual factors that may increase the workload or risk of non-payment to debtor's attorney?

■ Based on the court's review of the schedules, statement of financial affairs, claims filed and the docket, this case does not appear to have the potential level of complexity to warrant the increased Guideline Fee for legal services. The Debtors' business has no employees (other than themselves) and it does not appear to maintain any significant inventory or equipment (other than some office equipment valued at $1,270, toys and child-care supplies valued at $800 and two automobiles valued at $2,575). It is run out of the Debtors' home. There is no indication that Counsel had to deal with executory contracts, non-consumer debt obligations, cash collateral issues, non-consumer relief from stay issues, or business tax issues. Debtors' obligations appear to consist primarily of consumer debt.[7] The Debtors' Statement of Business Income and Ex-

---

**7.** Debtors scheduled two creditors holding $223,511 of secured debt, no priority creditors and 13 creditors holding $9,879.87 of unsecured debt. The majority of debt is at-

tributable to a $220,000 mortgage on the Debtors' residence. There is nothing to indicate that any of the unsecured debt is attributable to anything other than consumer debts.

penses declares that their "business" expenses total approximately 18.6% of the gross business income, leaving more than 80% for the Debtors' personal "draw." [8] There were no objections to confirmation of the Plan. Based on this record, this court cannot find that Counsel. had any unusual risk of non-payment or that Counsel had to expend any more effort for this case than would have been required if the Debtors had been employed by a third party. Accordingly, this court concludes that the "business" Guideline Fee is not necessary or reasonable in this case. Even if this is a "business case" the facts do not appear to justify the higher fee.

■ The court also notes that Counsel's *ex parte* request for additional fees does not comply with the General Order. The court has already made a determination as to the appropriate Guideline Fee to be allowed in the Confirmation Order. If Counsel believes that the approved fees are insufficient to compensate her for the legal services actually rendered in the case, the Chapter 13 Fee Guidelines provide that she may apply for additional fees in compliance with 11 U.S.C. §§ 329 & 330. Section 330 requires, *inter alia, notice and a hearing* for the court to award additional fees and expenses. As Counsel has filed an executed copy of the Rights and Responsibilities Statement, the Chapter 13 Fee Guidelines permit her to use this court's short form Application and Declaration Re: Additional Fees and Expenses in Chapter 13 Cases (Form EDC 3–095).[9] If Counsel elects to apply for additional fees, she "must attach contemporaneous time records and demonstrate that the fee allowed by the Chapter 13 Fee Guidelines was not sufficient in view of the amount or

complexity of the work undertaken for the debtor. If this is established, additional compensation will be awarded." *Pedersen,* 229 B.R. at 448.

### Conclusion.

Based on the foregoing, the request for additional attorney's fees is denied without prejudice to the Counsel's right to apply for additional fees, if appropriate, as set forth in the Chapter 13 Fee Guidelines.

---

8. Debtors' estimated average future gross monthly income totals $5,200, while their estimated future monthly expenses total $965.25.

9. This court's general orders, forms and guidelines are available on the court's Internet website at htttp://www.caeb.uscourts.gov.