NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-12-1499-PaKuD |
| | ) | |
| JON MICHAEL DRISCOLL and CHRISTINE QUIGLEY DRISCOLL, | ) ) | Bk. No. 09-08577-RTB |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ELLETT LAW OFFICES, PC; RONALD J. ELLETT, | ) ) | |
| | ) | |
| Appellants. | ) | **M E M O R A N D U M**[1] |
| _____ | ) | |

Argued and Submitted on January 23, 2014
at Tempe, Arizona

Filed - February 6, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Redfield T. Baum, Sr., Bankruptcy Judge, Presiding[2]

_____

Appearances:    Ronald J. Ellett appeared for himself and for
appellant Ellett Law Offices, P.C.

_____

Before: PAPPAS, KURTZ and DUNN, Bankruptcy Judges.

_____

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]  Judge Baum entered the order we review on appeal.  Due to his retirement from full-time service, the Honorable Eddward Ballinger Jr. is now the presiding judge in the bankruptcy case.

Appellants Ellett Law Offices, P.C., and attorney Ronald J. Ellett (collectively, "Ellett"), appeal the order of the bankruptcy court granting Ellett's Amended First Application for Attorney's Fees in the reduced amount of $1,750.00, rather than the $5,000 requested. We VACATE the bankruptcy court's order and REMAND this matter for further proceedings.

**FACTS**

Debtors Jon and Christine Driscoll filed a petition for relief under chapter 13[3] on April 27, 2009; they were represented by Ellett. Debtors' Schedule D listed four secured claims totaling $639,882.78, and their Schedule F listed thirty-one unsecured claims totaling $328,669.22. Jon Driscoll is a mortgage broker, and Christine Driscoll is a crisis counselor.

Debtors timely filed a chapter 13 plan on May 8, 2009. In paragraph 1, addressing administrative expenses, the plan recites:

> Attorney Fees: Debtors' attorney was paid $1274.00 prepetition. Further, Debtors' attorney shall be paid an additional $3,726.00 as a minimum fee for this pending case prior to commencement of payments on any claim listed hereafter. The services rendered for this minimum fee include up to the first 7.6 hours of all consultations, telephone conversations and correspondences with debtors necessary to confirm debtors' initial Chapter 13 Plan, appearances necessary for confirmation of Debtors' initial Chapter 13 Plan, mailing and costs thereof of all necessary notices to confirm Debtors' initial Chapter 13 Plan and preparation and lodging of the order to confirm Debtors' initial Chapter 13 Plan. <u>Additional fees may</u>

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

> be charged by hourly fee pursuant to an executed
> bankruptcy fee agreement.

Chapter 13 Plan and Application for Payment of Administrative Expenses at 1-2 (emphasis added).

A stipulated order confirming Debtors' plan, submitted by Debtors, the chapter 13 trustee, and the principal secured creditor, modified this attorney fee provision, which order was entered by the bankruptcy court on January 14, 2010:

> Attorney's Fees: Debtor's attorney was paid $1274.00 prepetition.  Further, Debtor's attorney shall be paid an additional $3,726.00 as a fee prior to the commencement of any payments on any claim listed hereinafter.  This award is for the first 8.1 hours of counsel's time in this case.  This award is without prejudice to a future award based upon time in excess of 8.1 hours and a proper application for an additional award of fees.

Stipulated Order, at 2 (emphasis added).  Ellett admits that he has received $5,000, in his words, "under the [bankruptcy court's] no look procedure."  Amended First Application for Attorney's Fees at ¶ 10 (the "Fee Application").

Significant Events in the Bankruptcy Case

There were no adversary proceedings or contested hearings conducted in the bankruptcy case.  In addition to generally assisting them in filing their bankruptcy case, and obtaining confirmation of Debtors' plan, Ellett's activities focused on three matters: valuing and stripping the lien of the second mortgage holder on Debtors' home; defending a motion for relief from stay from the first mortgage holder; and a post-confirmation modification of the plan.

In particular, through Ellett, Debtors filed a motion for "Determination of Value of Claim Secured by Lien and Debtors'

Objection to Proof of Claim" of Wells Fargo Bank's second mortgage on their residence on October 7, 2009. Debtors argued that the value of Wells Fargo's secured claim was zero, insofar as the value of the first lien of U.S. Bank was greater than the value of the property. Wells Fargo did not contest the motion, and the bankruptcy court granted the motion on January 1, 2010.

U.S. Bank filed a motion for relief from the automatic stay to foreclose the lien on its first position Deed of Trust on June 28, 2010. Debtors did not contest the relief from stay motion. The bankruptcy court granted stay relief to the lender on July 22, 2010.

In light of the grant of stay relief, Debtors then filed a motion to modify the confirmed chapter 13 plan because of their decision to surrender their residence. In a one-page motion, Debtors proposed to reduce the number of monthly payments from sixty to thirty-six, and to reduce the amount of the monthly payments to the chapter 13 trustee, because they no longer needed to service the mortgage. No party objected to the motion and the bankruptcy court approved the plan modification on December 6, 2011.

### The Fee Application

On February 27, 2012, Ellett filed the Fee Application. Ellett provided an hourly billing record in the Fee Application indicating he had provided services with a value of $16,467.00. Two paragraphs of the Fee Application are noteworthy:

> 9. The confirmation order approved $3,750 under the "no-look fee" procedure but also provided that the initial fee award was without prejudice to an additional fee award based on a detailed fee application showing additional work performed in the

-4-

case.

> 10. The amount of the total attorney's fees incurred in connection with this case is $16,467.00 (of this amount, $5,000 was previously approved and paid under the no-look procedure). This leaves a balance of $11,457.00. There are insufficient funds to pay these fees. Counsel is voluntarily writing his fees down by $6,467.00. The balance to be paid is therefore $5,000.00.

Although there were no objections to the Fee Application, the bankruptcy court contacted Ellett and instructed him to schedule it for a hearing. Ellett filed a notice setting the hearing for August 7, 2012. He also filed a supplement in support of the Fee Application which contained argument and affidavits supporting his requested hourly rate of compensation, $495.

A transcript for the short hearing on the Fee Application is included in the record. The substance of that hearing consisted of an extremely brief colloquy among the bankruptcy court, Ellett and Trustee's counsel:

> MR. ELLETT: I filed -- I was surprised [the Fee Application] was set for hearing. I'm not certain why, but I filed a supplement that points out. I'm going to be awarded less than [$]325 an hour because I'm writing off $6,000 in that case because there's not enough money to pay me. My clients can't afford to pay me, so to the extent the hearing is about my hourly rate, I don't think that applies in this case because I'm already writing off $6,000 -- over 6,000 in fees.
>
> THE COURT: So, what will your total fee be in that case?
>
> MR. ELLETT: A total fee would be [$]10,000 out of 16, over [$]16,000 that was billed. Five has been approved already. I'm asking for additional five.
>
> THE COURT: All right. Anything from the Trustee?
>
> [TRUSTEE'S COUNSEL]: No, Your Honor.

-5-

THE COURT: All right. I'll take them both under advisement.

MR. ELLETT: Thank you.

(Proceedings Concluded)

Hr'g Tr. 1:15-21, August 7, 2012.

On September 12, 2012, the bankruptcy court entered a Minute Entry/Order (the "Fee Order"). After a short discussion of the amount sought by Ellett for fees and a review of Ellett's services, the order provided that "the court has carefully reviewed the time records and entire record and concludes that Ellett's billings are excessive for the work performed." In arriving at this conclusion, the court focused on three items: (1) the lien strip of the second deed of trust; (2) the stay relief motion; and (3) the modified plan.

The bankruptcy court indicated that its website procedures page informed attorneys and parties that the court ordinarily allows $500 for uncontested proceedings to avoid a junior mortgage lien, and that this "$500 fee is based on the premise that an uncontested lien avoidance is legally simple and often done with form pleading with no required hearing." The court reviewed the Fee Application, and noted that Ellett had billed $3,811.50 for services in connection with the motion to strip the mortgage lien. The court concluded "that such amount for a simple lien avoidance is grossly inflated and well out of the range ($500-1500) of what is typically charged by bankruptcy practitioners in this district for similar work." The court allowed $750.00.

As to Ellett's time spent reviewing the stay relief motion,

-6-

the bankruptcy court determined that such services were ordinarily assumed to be included in the no look fee. The court noted that Ellett's work on the modified plan was also minimal because it was uncontested, and the motion to modify the plan was a single page which addressed no difficult legal issues. Ellett's hourly billing for the stay relief and modified plan was $1,485.00. The bankruptcy court concluded that reasonable compensation for all these services was $1,000, which together with the $750 allowed for the mortgage lien avoidance, amounted to a total of $1,750 in compensation, in addition to the $5,000 no look fee, for a grand total of $6,750. Instead of the $10,000 Ellett had requested, this reduced amount of compensation was approved.

Without seeking reconsideration, Ellett filed a timely appeal of the Fee Order on September 26, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy abused its discretion in granting Ellett's fee application in a reduced amount.

**STANDARD OF REVIEW**

The bankruptcy court's award of attorney's fees is reviewed for abuse of discretion. Smith v. Hale (In re Smith), 317 F.3d 918, 923 (9th Cir. 2002); Label & Opera v. U.S. Tr. (In re Auto Parts Club), 211 B.R. 29, 32 (9th Cir. BAP 1997). We review the legal premises a bankruptcy court employs in determining the

-7-

reasonableness of attorney's fees de novo. Ferrand v. Conrad Credit Corp., 244 F.3d 1145, 1147 (9th Cir. 2001).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard, or misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc).

**DISCUSSION**

Section 330(a)(4)(B) provides that:

> In a chapter 12 or 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors in this section.

A professional seeking compensation under § 330 has the burden of proving that the amount requested is reasonable. Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 298 B.R. 392, 402 (9th Cir. BAP 2003) ("Eliapo I"), rev'd. in part on other grounds, 468 F.3d 592 (9th Cir. 2006) ("Eliapo II"). The bankruptcy court has an independent duty to review fee applications of professionals for reasonableness. Eliapo I, 298 B.R. at 404-05; Mayer, Glassman & Gaines v. Washam (In re Hanson), 172 B.R. 67, 74 (9th Cir. BAP 1994). This duty arises even where, as here, there are no objections to the professional's application by the trustee, debtor or creditors. In re Dorsett, 297 B.R. 620, 624 (Bankr. E.D. Cal. 2003).

Although Ellett raises several arguments in his brief to support his position that the bankruptcy court erred in deciding that the amount of compensation he requested in the Fee

-8-

Application for the services performed as Debtors' counsel in this case was excessive, we need not consider those arguments. This is because we agree with Ellett that, under the facts of this case, the bankruptcy court failed to afford Ellett a meaningful opportunity to be heard and defend his fee request and, therefore, the bankruptcy court's order awarding reduced fees must be vacated. As in many other districts, Arizona rules provide that a chapter 13 debtor's attorney may receive a presumptively reasonable fee of up to $5,000 for his or her services without the submission of a detailed fee application – a so-called "no look" fee. Bankr. D. Ariz. Local R. 2083-11(a) & (b)(2009, later modified). But counsel requesting approval for compensation in addition to the no look fee must justify the reasonableness of the amount requested in such an application. See In re Allen, 2012 Bankr. LEXIS 314, at *2 (Bankr. D. Ariz. January 25, 2012) (awarding a no look fee of $4,500 plus $500 for "reasonable and fair" services in an adversary proceeding not included in the no look fee rules).

Although the bankruptcy court is required under the Code to limit a chapter 13 debtor's attorney's compensation to only such amounts as are "reasonable" as provided in § 330(a)(4)(B), where the bankruptcy court may have objections to a fee application that might result in a reduction in the amount awarded, in Eliapo II the Ninth Circuit has instructed courts to provide a procedure whereby the applicant has a meaningful opportunity to respond to the court's concerns. Eliapo II, 468 F.3d at 603. In Eliapo II, the Ninth Circuit examined implications of no look fees and additional services in chapter 13 cases. An attorney

-9-

submitted a one-page fee application under the no look guidelines in effect in the Northern District of California. The bankruptcy court approved the first application without a hearing. The attorney then submitted a second, supplementary application that included both fees allowed under the no look guidelines and additional fees. The bankruptcy court first scheduled a hearing on the second application, but then took the fee request under submission without a hearing when no objection was filed. The court ruled on the second application without a hearing, allowing some fees that were approved under the no look guidelines, but disallowing other fees because the court felt that "extraordinary circumstances" were required before the court would allow an attorney to exceed the guidelines. Id. at 595.

On appeal, the Ninth Circuit held in Eliapo II that a debtor's attorney is entitled to "notice and a hearing," as that term is defined in § 102(1),[4] before the bankruptcy court may award counsel a reduced fee. 468 F.3d at 601. Specifically, the Ninth Circuit concluded that:

> The essential point is that the court should give counsel a meaningful opportunity to be heard. [citing to Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 856 (3d Cir. 1994)]. The bankruptcy court should "apprise the [fee] applicant of the particular questions and objections it harbors" and should give the applicant "an opportunity to rebut or contest the court's conclusions." Id. at 846-47; see also In re Spillane,

---

[4] § 102. Rules of construction
In this title--
(1) "after notice and a hearing", or a similar phrase--
 (A) means after such notice as is appropriate in the
      particular circumstances, and such opportunity for a
      hearing as is appropriate in the particular
      circumstances[.]

-10-

884 F.2d 642, 646-47 (1st Cir. 1989) (holding that cross-examination is not required in hearing on fee application). Depending on the circumstances, the hearing requirement may be satisfied without oral presentation of evidence and without oral argument. That is, the "hearing" requirement may, in appropriate circumstances, be satisfied by written submission. All that is required is that the applicant be given "a reasonable opportunity to present legal argument and/or evidence to clarify or supplement his Application." [Citing Nelson v. Mickelson (In re Pfleghaar), 215 B.R. 394, 397 (8th Cir. BAP 1997)]; see also Busy Beaver, 19 F.3d at 846.

Id. at 603.

In this case, Ellett filed and served the Fee Application, and no objections were filed. After a time, the bankruptcy court requested that Ellett set the Fee Application for a hearing. At the time he filed the notice of the hearing, he also filed a supplement providing information to support his hourly billing rate, and to remind the bankruptcy court that his fee request was a significantly reduced one as compared to the amounts reflected in the hourly billing records in the Fee Application. However, before and during the hearing, the bankruptcy court gave Ellett no insight, indeed no real clue, about the nature of its concerns, other than inquiring with him at the hearing about what the "total" amount of fees requested was to be. At no time did the bankruptcy court indicate that, as opposed to focusing on Ellett's hourly rate reflected in the billing records, and as discussed in Ellett's submissions in the supplement, it might be more generally concerned with the reasonableness of the total fees Ellett had requested and, in particular, with the nature and amount of services he provided as compared to those reasonably required to represent Debtors in their case.

Eliapo II makes clear that the bankruptcy court enjoys

-11-

significant latitude in prescribing the type of proceedings used to consider fee applications like Ellett's:

> We emphasize that the notice-and-a-hearing definition in § 102(1) is flexible and sensitive to context. Chapter 13 fee applications are typically rather simple, even in cases where fees beyond the presumptive no-look fees are sought. So long as fair notice and opportunity to be heard are afforded, the bankruptcy court has considerable freedom to fashion procedures for notice and a hearing that are "appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

468 F.3d at 602.

In this case, the bankruptcy court had an independent duty to determine whether Ellett's requested compensation was reasonable. Moreover, the total amount Ellett was requesting for representing Debtors, the time he spent performing services on relatively routine, uncontested tasks, and the apparently artificial $495 per hour rate he used in his application to measure the value of those services in this simple chapter 13 case, were all factors which, we believe, justified the bankruptcy court's decision to scrutinize Ellett's application closely. However, as instructed by the Ninth Circuit in Eliapo II, Ellett was entitled to advance notice about the bankruptcy court's concerns with his fee request so that he could, in a meaningful and timely fashion, respond to those concerns and defend that request. The approach taken here by the bankruptcy court did not satisfy that standard and, therefore, the Fee Order must be vacated and this matter remanded for further proceedings in the bankruptcy court.

## CONCLUSION

The bankruptcy court's Fee Order is VACATED and this matter is REMANDED for further proceedings consistent with this

-12-

memorandum.[5]

---

[5] We emphasize that this outcome is dictated solely as a result of our concerns with the procedure employed by the court. We express no opinion about the bankruptcy court's conclusion that the amount Ellett requested in the Fee Application was excessive in relation to the services he provided to Debtors, a topic the bankruptcy court is free to again examine after appropriate notice and a hearing on remand.